IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HASSAN BEASELY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-044 |
| | ) | (Formerly CR 308-001) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Hassan Beasely, an inmate at Hazelton FCI in Bruceton Mills, West Virginia, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motions for the appointment of counsel, for leave to supplement his § 2255 petition at a later date, and to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. nos. 2, 3), that the § 2255 motion be **DISMISSED,** and this civil action be **CLOSED**.

I.      **BACKGROUND**

On March 6, 2008, the grand jury in the Southern District of Georgia charged Petitioner and twenty-one co-defendants in an eight count indictment. United States v. Beasely, CR 308-001, doc. no. 3 (S.D. Ga. Mar. 6, 2008) (hereinafter "CR 308-001"). The

indictment named Petitioner in Count One, Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base (Crack), 500 Grams or More of Cocaine Hydrochloride (Powder), a Quantity of Marijuana, and a Quantity of 3,4-Methylenedioxy-methamphetamine (Ecstasy) in violation of 21 U.S.C. § 846, and in Count Eight, Distribution of Cocaine Hydrochloride (Powder) in violation of 21 U.S.C. § 841(a)(1). Id.

On October 16, 2008, Petitioner, represented by attorney Jon A. Levis, pled guilty to Count One, Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base (Crack), 500 Grams or More of Cocaine Hydrochloride (Powder), a Quantity of Marijuana, and a Quantity of 3,4-Methylenedioxy-methamphetamine (Ecstasy) in violation of 21 U.S.C. § 846. Id., doc. nos. 478, 481. In exchange, the government agreed to recommend a three level reduction for acceptance of responsibility, dismiss all other counts of the indictment, not seek any sentencing enhancements pursuant to 21 U.S.C. § 851, recommend the Court find Petitioner was a minor participant, and advise the Court to consider whether Petitioner's cooperation qualifies as "substantial assistance" under U.S.S.G. § 5K1.1, and 18 U.S.C. § 3553(e). Id., doc. no. 478, pp. 1-2.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement does not limit the

> Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

Id. at 9.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-two, decreased to twenty-nine for acceptance of responsibility, Criminal History Category at VI, and Guideline imprisonment range at 151 to 188 months. PSI ¶ 37, 62. Petitioner was found to be a career offender under U.S.S.G. § 4B1.1 because he was at least eighteen years old at the time of the offense of conviction; his offense conviction was a felony controlled substance offense, and Petitioner had prior convictions for possession of cocaine with intent to distribute and robbery by force. PSI ¶ 35. The statutory maximum term of imprisonment was twenty years. 21 U.S.C. §§ 846; PSI ¶ 61.

On April 17, 2009, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner below the advisory guideline range to 130 months imprisonment, five years supervised release, a $3,000.00 fine, and $100.00 special assessment. Id., doc. no. 575. Judgment was entered on April 27, 2009. Id. Petitioner did not file a direct appeal, but he has filed several motions for reduction of his below-guideline range sentence. Id., doc. nos. 659, 684. After one of these motions was denied, Petitioner appealed the denial to the Eleventh Circuit. Id., doc. nos. 703-05. The Eleventh Circuit issued a limited remand to the district court for a determination of excusable neglect or good cause, and upon remand, Judge Bowen denied the motion. Id., doc. nos. 718, 750.

3

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that although he was not sentenced under the ACCA, because his sentence was enhanced under a provision of the advisory sentencing Guidelines which contains the same language as the provision of the ACCA declared void by the Supreme Court in Johnson, he is entitled to be resentenced without the Guidelines enhancement. (See generally doc. no. 1.)

## II. DISCUSSION

Johnson does not apply to Petitioner's case. As explained above, Petitioner had previous felony convictions for armed robbery and a controlled substance offense and was categorized as a career offender under § 4B1.1 of the advisory sentencing guidelines, and his base offense level was automatically set at thirty-two. PSI ¶ 35. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B)

4

[&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without the career offender enhancement. See id.; see also United States v. Kirk, No. 13-15103, 2016 WL 335937, at *2 (11th Cir. Jan. 28, 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

**III. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of June, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA